UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| ORR AUTO, INC. <br> D/B/A ORR VOLKSWAGEN OF TEXARKANA <br><br> Plaintiff, <br><br> V. <br><br><br> AUTOPLEX EXTENDED SERVICES, LLC <br> D/B/A MOTOR VEHICLE SERVICES <br><br> Defendant. | § § § § § § § § § § § § § § § § CIVIL ACTION NO. 5:24-cv-29 |

## MOTION FOR SEPARATE (BIFURCATED) TRIAL

1.      Plaintiff Orr Auto, Inc. ("Orr") respectfully requests that the Court bifurcate the trial of this matter into two phases. In phase one, Orr intends to move for default, immediately, as to Defendant's liability. In phase two Orr intends to conduct limited discovery regarding damages, the geographic and temporal extent of Defendant's tortious conduct, the extent of Defendant's malice, intent, willfulness, and deliberateness, the identity and location of any potentially responsible third parties, and then proceed to trial on those issues and claims. It is anticipated that, at the conclusion of the limited discovery period, Orr will seek damages, a finding that this case is exceptional, attorney fees and a permanent injunction.

2.      Bifurcation is authorized by Federal Rule of Civil Procedure 42(b). Fed. R. Civ. P. 42(b). Orr avers that bifurcation will do justice, avoid prejudice, and convenience the parties. *See* Saxion v. Titan-C-Mfg., 86 F.3d 553, 556 (6th Cir. 1996). Bifurcation will also conserve judicial resources and reduce the burden placed on the jury.

3. Orr is simultaneously filing a Motion for Default Judgment seeking judgment, as to Defendant's liability.

4. In the instant case, it is clear that Defendant has misused Plaintiff's business name/mark, but the extent of the activity cannot be defined without discovery. See generally Plaintiff's Original Complaint, Dkt. 1.

5. Orr respectfully requests this Court bifurcate this matter, consider Orr's Motion for Default Judgment, and retain the following matters for final trial, after a reasonable discovery period:

    (a) Damages including Defendant's profits from unfair competition, trademark infringement, and unjust enrichment, in accordance with Texas law and 15 U.S.C. §1117(a);

    (b) Actual, exemplary, and treble damages and/or any additional or other compensatory sum as the Court shall find to be just, according to the circumstances of the case, in accordance with Texas law and 15 U.S.C. 1117(a);

    (c) Costs of this action, in accordance with Texas law and 15 U.S.C. §1117(a);

    (d) A finding that this case is exceptional, a declaration that Plaintiff is the prevailing party, and an award to Plaintiff of its reasonable attorney's fees, in accordance with U.S.C. §1117(a);

    (e) The issuance of a permanent injunction in accordance with Texas law and 15 U.S.C. §1116, enjoining Defendant its officers, agents, servants, representatives, employees, and all those persons in active concert or participation therewith from the wrongful acts described in the Complaint;

(f) An order that all materials in Defendant's possession or control bearing any of Plaintiff's marks be surrendered for destruction, in accordance with 15 U.S.C. §1118;

(g) An award to Plaintiff pre-judgment and post-judgment interest at the maximum allowable interest rate;

(h) A grant to Plaintiff of such other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

FLOYD LAW, PLLC
P. O. Box 5452
Texarkana, Texas 75505
Phone: (903) 306-0373
FAX: (870) 330-4196

By:   /s/ Cory Floyd
      Cory J. Floyd
      TX Bar No. 24049365
      Email: cory@txklawyers.com

CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirement in Local Rule CV-7(h). This is a default case in which the Defendant, after repeated attempts at contact, has failed to appear, plead or otherwise defend. Dkt. 7. Accordingly, Plaintiff requests that the Court consider the motion unopposed however, no agreement has been reached, and all efforts to date have resulted in no response and the resulting impasse.

/s/CoryFloyd
Cory J. Floyd