UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORR AUTO, INC. <br> D/B/A ORR VOLKSWAGEN OF TEXARKANA <br><br> Plaintiff, <br><br> V. <br><br><br> AUTOPLEX EXTENDED SERVICES, LLC <br> D/B/A MOTOR VEHICLE SERVICES <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 5:24-CV-29 |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT (Dkt. No. 9)

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings. 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72, Dkt. No. 2.  Pending before the court is Plaintiff's Motion for Default Judgment. (Dkt. No.9.)  After review and hearing the undersigned recommends granting the motion.

I. Background

On February 29, 2024, Plaintiff, Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana, a Texas corporation ("Plaintiff"), filed a complaint against Autoplex Extended Services, LLC d/b/a Motor Vehicle Services, a Missouri limited liability company ("Defendant"), for violation of 15 U.S.C. 1125(a) and state law claims of unfair competition, trademark infringement and unjust enrichment.

According to the complaint, Plaintiff uses, and has used since 2014, the business names "Orr Volkswagen" and "Orr Volkswagen of Texarkana," in commerce in the Texarkana region (the "marks"). Plaintiff has contributed a substantial amount of resources on advertising, signage and online publication using the marks. Plaintiff is in the business of selling new and used automobiles and, incidental to that business, sells service contracts sometimes described as extended warranties for automobiles. Plaintiff learned that Defendant, on September 12, 2023, mailed to a person who lives in Texarkana, Texas, a solicitation for the sale of service contracts. This written solicitation bears, in large font and bold print, the mark "Orr Volkswagen of Texarkana." Defendant's use of Orr Volkswagen and/or Orr Volkswagen of Texarkana was not authorized by Plaintiff. Defendant's mailing bears in smaller print the language "Motor Vehicle Services, located at 2410 Highway 94 South Outer Rd. St. Charles, MO 63303, is not endorsed or affiliated with Orr Volkswagen of Texarkana."

The Plaintiff duly issued summons and perfected service upon the Defendant. Dkt. No. 5. This is reflected in the record of this cause and was further proven with evidence attached to Plaintiff's Motion for Default Judgment. Dkt. No. 9. Although Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services, was served, it has not filed an answer or otherwise appeared.

Plaintiff sought the Clerk's entry of default on July 16, 2024. (Dkt. No. 6). The Clerk filed a Clerk's Entry of Default on July 16, 2024. (Dkt. No. 7). Plaintiff now moves for an order and judgment by default against Defendant pursuant to Rule 55(b)2 of the Federal Rules of Civil Procedure, as to liability only, and for an accounting.

On October 9, 2024, this Court conducted a hearing on the motion to determine whether default judgment should be entered against Defendant. At the hearing, the Defendant did not

appear, and Plaintiff presented argument. Having considered the motion, the Court concludes that good cause exists to enter default judgment against Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services and accordingly enters the following findings and conclusions of law in support.

## II. Legal Standard

A. Procedural Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, the court may conduct hearings, as necessary, to conduct an accounting, determine damages, or investigate any other matter. Fed. R. Civ. P. 55(b).

The record indicates that the plaintiff successfully perfected service of process on the Defendant. (Dkt, No. 5). The Defendant did not answer or otherwise respond to the complaint. The Clerk entered default, and the plaintiff subsequently filed the motion for default judgment. The procedural requirements of Rule 55 are satisfied.

B. Substantive Standard

Entry of a default judgment is completely within the court's discretion. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). Entry of a default judgment is not an abuse of discretion when a defendant fails to answer a complaint. *Bonanza Int'l, Inc. v. Corceller*, 480 F.2d 613, 614 (5th Cir.), cert. denied, 414 U.S. 1073, 94 S. Ct. 587, 38 L. Ed. 2d 479 (1973). Prevailing law of the circuit sets out factors for courts to consider when determining whether to enter default judgment:

Relevant factors include (1) the existence of material fact issues; (2) a showing of substantial prejudice; (3) the clarity with which the grounds for default are established; (4) the existence of a good faith mistake or excusable neglect by the defaulting party; (5) harshness; and (6) whether the court would feel obligated to set aside a default on the defendant's motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

The grounds for default are clearly established, there is no evidence of good faith mistake or excusable neglect on Defendant's part. Moreover, a finding of willful failure to answer a complaint is sufficient reason for granting a motion of default judgment. *See CJC Holdings v. Wright & Lato*, 979 F.2d 60, 64 (5th Cir. 1992), rev'd on other grounds, 989 F.2d 791 (5th Cir. 1993); *Eisenhour v. Stafford*, No. 9:12-CV-62, 2013 U.S. Dist. LEXIS 168905, at *9, 2013 WL 6212725 (E.D. Tex. Nov. 26, 2013) (Clark, J.) (adopting recommendation of Hawthorn, J.).

Finally, "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). Put another way, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. The substantive requirements of Rule 55 are also satisfied.

### III. The Court's Findings and Analysis

Here, Plaintiff seeks a finding of liability as Defendant's conduct and the above causes of action. Plaintiff has adequately pleaded and satisfied the Court's jurisdiction over the subject matter, the Court's personal jurisdiction over the Defendant, has adequately pleaded claims for relief, has properly served its Complaint, and has satisfied the substantive and procedural requirements necessary to obtain a judgment of default. The Court accordingly enters the following findings and conclusions of law in support.

A. Findings of Fact

1. Plaintiff Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana is a Texas corporation with its principal place of business in Texarkana, Texas.

2. Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services is a Missouri Limited Liability Company with its principal place of business in St. Charles, Missouri.

3. The record establishes that Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services is not an infant, incompetent, or member of the United States military.

4. As discussed above, Plaintiff initiated this action against Defendant through its Complaint on February 29, 2024. Plaintiff asserts claims under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) as well as under Texas common-law governing this cause of action.

5. The Plaintiff properly executed service of process on Defendant with a summons and a copy of Plaintiff's Complaint. This is supported by the evidence of service in the record in this cause.

6. Defendant failed to answer or otherwise advance a defense in this case.

7. Pursuant to the Plaintiff's request for entry of default, the Clerk of Court entered default against Defendant on July 16, 2024. Upon the Clerk's entry of default, the Plaintiff accordingly moved for the entry of a default judgment against Defendant.

8. The court held a hearing on the Plaintiffs' motion for default judgment on October 9, 2024. Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services did not appear, nor did counsel appear on its behalf, and Defendant filed no response to the motion for default judgment.

9. The Defendant, by its default admits, and the Court finds Plaintiff used the mark and business name Orr, Orr Volkswagen and Orr Volkswagen of Texarkana, in commerce, beginning no later than January 31, 2014. The Defendant's use of these marks and names has been continuous and is ongoing.

10. The business names and marks have acquired secondary meaning in the Texarkana region to identify Plaintiff as a provider of high quality auto sales, service, finance and warranty products.

11. Defendant used identical terms to those used by Plaintiff, including "Orr," "Orr Volkswagen," and "Orr Volkswagen of Texarkana," in connection with marketing materials directed to and received in Texarkana, Texas.

12. Defendant's use was a written advertisement to market and sell vehicle service contracts similar to, or identical to those offered and sold by Plaintiff.

13. Defendant's mail, dated September 12, 2023, caused the recipient to contact Plaintiff to inquire about the substance and meaning of the letter.

14. Defendant's mail caused a consumer or potential consumer of Plaintiff's products to be confused about the source, affiliation or sponsorship of the letter.

15. Defendant's mail contained, in small print, a disclaimer which stated "Motor Vehicle Services, located at 2410 Highway 94 South Outer Rd. St Charles, MO 63303, is not endorsed or affiliated with orr Volkswagen of Texarkana.

16. Defendant's use of Plaintiff's identical name and mark in large font, and bold print, combined with its use of a disclaimer in a small print font, evidences Defendant's awareness of Plaintiff's use of the name and mark, and that Defendant's use is likely to cause confusion to the recipient.

B. Conclusions of Law

1. Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Rule 55 outlines the procedure as follows:

    (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

    (b) Judgment. Judgment by default may be entered by the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

2. Therefore, default under Rule 55 is a two-step process: (1) the entry of default (by the Clerk) and (2) the subsequent entry of a default judgment (by the Court). 10 MOORE'S FEDERAL PRACTICE, § 55.10[1][a] (3d. ed. 1997).

3. Once a defendant is in default, the court accepts as true all the facts set forth in the complaint aside from those relating to damages. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)); *Ramos-Falcon v. Autoridad de Energia Electrica*, 301 F.3d 1, 2 (1st Cir. 2002) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992.

4. A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. *See Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 160 (2d Cir. 2005) (citing *Ackermann v. Levine*, 788 F.2d 830, 842 (2d Cir. 1986)). The Court has supplemental jurisdiction over any remaining state law claims asserted by the Plaintiffs. 28 U.S.C. § 1367.

5. Any conclusion of law more properly characterized as a finding of fact is hereby adopted as such. Any finding of fact more properly characterized as a conclusion of law is hereby adopted as such.

## IV. Conclusion and Recommended Disposition

For the foregoing reasons, the court finds that the entry of a default judgment against Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services is proper, thus entitling the Plaintiffs to a finding of liability for Defendant's actions. Accordingly, the Court recommends GRANTING the Motion for Default Judgment and the District Court enter judgment in favor of the Plaintiff and against Autoplex Extended Services, LLC d/b/a Motor Vehicle Services.

Because Plaintiff has sought a separate trial for the issues of damages, costs, exceptionality, and a permanent injunction, the Court recommends no relief be granted at this time on those issues or claims and the Court should reserve findings for all other relief sought for further proceedings.

## IV. Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law, and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bear an aggrieved party from de novo review by the district judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).