**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| ORR AUTO, INC.<br>D/B/A ORR VOLKSWAGEN OF TEXARKANA | §<br>§ | |
| | § | |
| V. | § | CASE NO. 5:24-CV-00029-RWS-JBB |
| | § | |
| AUTOPLEX EXTENDED SERVICES, LLC<br>D/B/A MOTOR VEHICLE SERVICES | §<br>§ | |

**ORDER**

Plaintiff Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana has moved for default judgment. Docket No. 9. Orr alleges that Defendant Autoplex Extended Services, LLC D/B/A Motor Vehicle Services, a Missouri limited liability company, has engaged in unfair competition under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act); unfair competition and "passing off" under Texas law; trademark infringement under Texas law; and unjust enrichment under Texas law. *See id.* at 2. As set forth below, the Court **GRANTS** Orr's motion as to liability only.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The Court makes the following findings and conclusions:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. *See* Docket No. 1 at ¶¶ 3–4.

2. This Court has personal jurisdiction over Defendant because it has offered to sell and marketed its products and services in Texas, and in this judicial district. *Id.* at ¶ 5. Defendant purposefully directed its commercial activities toward persons and potential customers in Texas and this judicial district. *Id.* Defendant purposefully availed itself of the privileges of conducting activities in Texas and this judicial district. *Id.* In addition, this Court is the proper venue for this action. *Id.* at ¶ 6.

3. Defendant is a limited liability company and has the capacity to be sued under Federal Rule of Civil Procedure 17(b). *See id.* ¶ 2.

4. Defendant has been properly served with the summons and complaint and has failed to appear or otherwise defend within the time required by the Federal Rules of Civil Procedure. *See e.g.*, Docket Nos. 4, 5, 12, 14, 17.

5. A Clerk's Entry of Default was entered against Defendant on July 16, 2024. Docket No. 7.

6. The grounds for default against Defendant have been clearly established, there is no evidence that Defendant's default was caused by good faith mistake or excusable neglect, and there has been no showing of substantial prejudice or undue harshness that will result from the entry of a default judgment. *See* Docket Nos. 17, 20. Accordingly, upon weighing the relevant factors for consideration, a default judgment is appropriate against Defendant.

7. Having failed to plead or otherwise defend within the time required by the Federal Rules of Civil Procedure, this Court accepts Orr's allegations relating to Defendant's unfair competition under 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act); unfair competition and "passing off" under Texas law; trademark infringement under Texas law; and unjust enrichment under Texas law.

8. Orr also requests that the Court order an accounting for all sales, revenues, and profits from Defendant's advertising and efforts involving or directed to persons or addresses within a 250-mile radius of 4545 North State Line Avenue, Texarkana, Texas 75503. Orr pleaded a request for disgorgement of Defendant's profits and, accordingly, an accounting by Defendant is appropriate.

## ENTRY OF JUDGMENT

Based on these findings and conclusions, the Court enters judgment as follows:

1. Pursuant to 15 U.S.C. § 1125(a), Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services, a Missouri limited liability company, has engaged in unfair competition by its use of the marks "Orr Volkswagen of Texarkana," "Orr Volkswagen," and "Orr," and its use has created, and will continue to create, a likelihood of confusion and actual confusion in the minds of potential consumers, as to the source, affiliation or sponsorship, of Autoplex Extended Services, LLC's products and services in a way that infringes Plaintiff's name and marks.

2. Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services, a Missouri limited liability company, has made false designations of origin, false and misleading descriptions of fact, and false and misleading representations of fact that are likely to cause, and have caused, confusion or mistake. Such false and misleading representations are likely to deceive as to the affiliation, connection, or association of Defendant with Orr and are likely to cause confusion as to the origin, sponsorship, or approval of Defendant's products or service.

3. Defendant's behavior constitutes unfair competition, unlawful "passing off," trademark infringement, and unjust enrichment under Texas law.

4. This judgment is final and appealable as to Plaintiff's claims for liability against Defendant. The Court hereby **SEVERS** and retains jurisdiction of the following matters:

   a. Plaintiff's damages;

   b. Costs;

   c. Any finding of exceptionality;

   d. Any requests for injunctive relief by Plaintiff; and

   e. attorney fees.

**So ORDERED and SIGNED this 26th day of November, 2024.**

Robert W Schroeder III

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE