UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORR AUTO, INC. <br> D/B/A ORR VOLKSWAGEN OF TEXARKANA <br><br> Plaintiff, <br><br> V. <br><br> AUTOPLEX EXTENDED SERVICES, LLC <br> D/B/A MOTOR VEHICLE SERVICES <br><br> Defendant. | § § § § § § § § § § § § | CASE NO. 5:24-CV-00029 |

## MOTION TO AMEND DOCKET CONTROL ORDER

Plaintiff, Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana ("Plaintiff" or "ORR") files its Motion to Amend Docket Control Order pursuant to Federal Rules of Civil Procedure 6 and 16 and respectfully requests the Court continue the trial date and enlarge the remaining periods on the docket control order by 120 days. In support, Defendant shows the Court as follows:

### INTRODUCTION

1. On February 29, 2024, Plaintiff filed its Original Complaint. Dkt. No. 1.

2. On November 26, 2024, the Court entered a judgment of default as to liability and this matter proceeded to a scheduling conference so that Plaintiff could engage in damages discovery, proceed to trial on damages, and present motions for injunctive relief, as necessary. Dkt. No. 26.

3. On that date the Court also found that Defendant was entitled to an accounting. Id.

4. On January 22, 2025, The Court held a scheduling conference via telephone. Defendant, Autoplex Extended Services, LLC d/b/a Motor Vehicle Services did not appear.

___

Motion to Amend Docket Control Order                                                                                           Page 1 of 3
Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana v. Autoplex Extended Services, LLC et al

5. The Court then issued a Docket Control Order in this matter on January 24, 2025. Dkt. No. 32.

6. Since that time, Plaintiff has issued interrogatories, requests for admissions and requests for production to Defendant. Defendant has not responded.

7. Since that time, Plaintiff has also issued notices of deposition on written questions to the Missouri Department of Commerce and Insurance ("MDCI"), and three other organizations.

8. Plaintiff submits that its discovery efforts to date, including numerous discovery requests to Defendant and third parties, demonstrate diligence in the pursuit of this matter.

9. However, to date Plaintiff is unable to determine the extent of Defendant's conduct and accordingly is unprepared to meet the evidentiary requirements necessary to obtain the damages to which it believes it is entitled.

## AUTHORITY AND ARGUMENT

10. Rule 6(b)(1)(A) of the Federal Rule of Civil Procedures provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Rule 16 provides that a "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

11. The Lanham Act entitles Plaintiff to recover Defendant's profits from misconduct (disgorgement) as damages. 15 U.S.C. §1117(a).

12. Plaintiff has sought evidence from Defendant, third party custodians of records, as well as the MDCI. The MDCI is the state regulator and licensing agency which supervises Defendant's conduct in Missouri, Defendant's home state. On April 9, 2025, the MDCI produced, in response to Plaintiff's discovery request, 1,165 pages of documents relevant to this matter. Those

documents identify third parties which may possess information which could assist Plaintiff in demonstrating the disgorgement amount to which it is entitled. Those documents also identify potentially liable parties.

13. Plaintiff requires additional time to evaluate the documents received, engage in discovery regarding the recently identified third parties, and pursue pretrial relief to enforce the Court's order for an accounting.

14. Accordingly, Defendant requests a modification of the Docket Control Order and an extension of all dates and deadlines for a period of 120 day to continue discovery and pursue pretrial enforcement of the Court's order for an accounting.

Respectfully submitted,

FLOYD LAW, PLLC
P. O. Box 5452
Texarkana, Texas 75505
Phone: (903) 306-0373
FAX: (870) 330-4196

By:   /s/ *Cory Floyd*
      Cory J. Floyd
      TX Bar No. 24049365
      Email: cory@txklawyers.com

*Attorney for Plaintiff*