UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORR AUTO, INC. § | | |
| D/B/A ORR VOLKSWAGEN OF TEXARKANA § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CASE NO. 5:24-CV-00029 | |
| § | | |
| § | | |
| AUTOPLEX EXTENDED SERVICES, LLC § | | |
| D/B/A MOTOR VEHICLE SERVICES § | | |
| § | | |
| Defendant. § | | |

MOTION TO COMPEL

Plaintiff, Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana ("Plaintiff" or "Orr Volkswagen") files its Motion to Compel and shows the Court as follows:

I. SUMMARY AND BACKGROUND FACTS

Orr Volkswagen moves to compel Autoplex Extended Services, LLC d/b/a Motor Vehicle Services ("Autoplex") under FED. R. CIV. P. Rule 37 to answer interrogatories served on February 5, 2025. Ex. A. Autoplex has also failed to make its initial disclosures required by Rule 26 and to provide an accounting. The parties met and conferred, on August 18, 2025, but Autoplex still has not answered. Autoplex has only raised its belief that the entire case was defectively served as its ground for not participating in discovery and stated that it intends to seek dismissal.

Procedurally, this is a default case and Autoplex has neither appeared nor defended the matter. *See* Docket No. 20. Liability is established and the case is proceeding through discovery on damages and injunctive relief. *Id.* On July 16, 2025, Christ Thornton contacted counsel for Orr Volkswagen, via email, then stating "I have been engaged to represent Autoplex Extended

Services, LLC in the above matter." Mr. Thornton then stated "I believe I will be entering in the case very shortly…"

Since that time, on multiple occasions, counsel for Orr Volkswagen has requested a timeframe on which Orr Volkswagen could expect discovery and disclosure to commence, with no meaningful response. Mr. Thornton did represent to counsel that Autoplex has sold in excess of 3,000 service contracts in the state of Texas, since some time in 2022, but no supporting information or corroboration has been provided.

It is noteworthy that Autoplex, while eluding its discovery obligations, continues to issue mailings into Texas bearing the name "Orr." Ex. B.

## II. ARGUMENT AND AUTHORITY

Plaintiff seeks three categories of things at this time. The Court and Rule mandated disclosures for which each party is obligated, meaningful responses to interrogatories served, and the accounting provided for in the Court's order dated November 26, 2024. Docket No. 21; ¶ 8.

Rule 26, local rule CV-26, and the Court's discovery order all require Defendant to make disclosures. Fed. R. Civ. P. 26(a)1; Local Rule CV-26; Docket No. 33.

Rule 33 provides that, when served with interrogatories, a party must respond within 30 days. Orr Volkswagen served interrogatories on February 5, 2025. Ex. A. To date Autoplex has not responded nor objected.

The Court, on November 26, 2024, recited Orr Volkswagen's entitlement to an "[a]ccounting, for all sales, revenues, and profits from Defendant's advertising and efforts involving or directed to persons or addresses within a 250-mile radius of 4545 North State Line

Avenue, Texarkana, Texas 75503." Docket No. 21. To date Autoplex has not provided an accounting.

### III. MEET AND CONFER

Orr Volkswagen's counsel includes a certification that it made a good faith effort to meet and confer with Mr. Chris Thornton regarding the outstanding issues. Counsel represents that he shared the outstanding discovery requests with Mr. Thornton prior to the call, explained the basis for the requests for response, the delays and costs associated with Autoplex's refusal to respond, and invited response from Mr. Chris Thornton. Mr. Thornton advised that his client believed service was defective and he further would be filing a motion to dismiss the matter. Counsel for Orr Volkswagen suggested that Mr. Thornton consider the local rules and asked if Mr. Thornton believed the meet and confer requirement, contained in the local rule, had been met. Mr. Thornton advised that he did not object to a certificate of conference regarding the meet and confer but he would not (or could not, it is unclear) accept service of this motion to compel, and such service should be made on Autoplex. Since that time counsel for Orr Volkswagen continues to seek the outstanding discovery and will continue to meet and confer with the hope of resolving the outstanding items.

### IV. CONCLUSION

Orr Volkswagen asks the Court to compel Autoplex to respond to interrogatories, make its initial disclosures, and provide an accounting of its conduct, promptly, and for any other relief the Court considers just and proper. Autoplex is aware of its obligations, is represented by counsel, and has made no suitable excuse for its failure to participate in discovery.

Respectfully submitted,

FLOYD LAW, PLLC
P. O. Box 5452
Texarkana, Texas 75505
Phone: (903) 306-0373
FAX: (870) 330-4196

By: /s/ *Cory Floyd*
Cory J. Floyd
TX Bar No. 24049365
Email: cory@txklawyers.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above foregoing pleading has been served upon

Defendant in this matter on this 26th day of August, 2025:

Autoplex Extended Services, LLC
Registered Agent: Keith Horneker
2410 Hwy 94 South Outer Rd
St. Charles, Missouri 63303

Autoplex Extended Services, LLC
2275 First Capitol Drive
St. Charles, Missouri 63301

Christopher A. Thornton
Briscoe Wulff & Williams, LLP
501 1st Capitol Dr
Saint Charles, Missouri 63301

/s/CoryFloyd
Cory J. Floyd

## CERTIFICATE OF CONFERENCE

On August 18th undersigned counsel and Chris Thornton held a phone conference during which they discussed the outstanding discovery and disclosures, the rules (including the local rules) and each parties' obligations. They both engaged in a back-and-forth discussion. Chris Thornton represented that his client intended to bring a Rule 12 motion to dismiss complaining of defective service and his client did not intend to participate in discovery at this time.

On August 19th, undersigned counsel wrote by email, to Chris Thornton, a follow up note asking Chris Thornton and/or his client to reconsider this matter, and requesting Mr. Thornton to review Eastern District of Texas Local Rule CV-26.

/s/CoryFloyd
Cory J. Floyd