UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

ORR AUTO, INC.                              §
D/B/A ORR VOLKSWAGEN OF TEXARKANA           §
                                            §
Plaintiff,                                  §
                                            §
                                            §
V.                                          §        CASE NO. 5:24-CV-00029
                                            §
                                            §
AUTOPLEX EXTENDED SERVICES, LLC             §
D/B/A MOTOR VEHICLE SERVICES                §
                                            §
Defendant.                                  §

PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLETE RESPONSES TO FIRST SET OF INTERROGATORIES AND PRODUCTION/DISCLOSURE OF DOCUMENTS

Plaintiff Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana ("Plaintiff" or "Orr") respectfully moves this Court pursuant to Fed. R. Civ. P. 26, 33, 34, and 37 to compel Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services ("Defendant" or "Autoplex") to

(1)       serve complete, verified supplemental responses to Plaintiff's First Set of Interrogatories (specifically Interrogatories Nos. 2, 7, 8, 9, 10, 12, and 14) without improper objections or limitations;

(2)       produce the Court-ordered accounting of sales, revenues, profits, mailings using the Orr Marks, pricing schedules and warranties sold; and

(3)       disclose all other things to which Plaintiff is entitled including disclosure of evidence sufficient for Plaintiff to learn the extent of Defendant's misconduct.

## I. BACKGROUND

1.      On November 26, 2024, this Court entered default judgment as to liability in favor of Plaintiff, finding that Defendant engaged in unfair competition under the Lanham Act, unfair competition/passing off, trademark infringement, and unjust enrichment under Texas law. Dkt. Nos. 20, 21. The Court expressly ordered "an accounting by Defendant" of "all sales, revenues, and profits from Defendant's advertising and efforts involving or directed to persons or addresses within a 250-mile radius of 4545 North State Line Avenue, Texarkana, Texas 75503." Dkt. No. 21 at p.2.

2.      To date, 735 days after Plaintiff filed its Complaint, and 464 days after the Court ordered the aforementioned accounting, Defendant has not met its obligation (disclosure and accounting) nor meaningfully answered interrogatories in such a way that Plaintiff could reasonably deduce the extent of Defendant's misconduct. Dkt. No. 1; 21.

3.      To remove any confusion, Plaintiff believes it is entitled to the following;

A.  A list of all persons to whom Defendant sent an infringing mailer;

B.  A list of all persons who purchased a service contract from Defendant, limited to a reasonable period and geographic area;

C.  Financial data supporting at least:

a.  The price of a service contract sold;

b.  The total amount of revenue, expense and profit arising from the persons/ purchases described in 1 and 2 above; and

c.  Defendant's profits (with sufficient detail that Plaintiff can consider a disgorgement analysis).

D.  Responses to Interrogatories that comply with Fed. R. Civ. P. 33.

4.      Despite assurances by Defendant's counsel, and multiple good-faith meet-and-confer efforts, Defendant has failed to participate meaningfully in discovery. Defendant's counsel objected to eleven of sixteen interrogatories served but failed to sign the interrogatories in violation of Fed. R. Civ. P. 33(b)5. Fed. R. Civ. P. 33(b)5.  Defendant has disclosed/produced only 59 pages of materials which are demonstrably incomplete. Defendant, when asked to supplement, promised to do so, but has not complied.

5.      Good cause exists, and Plaintiff requests its reasonable expenses and attorneys' fees incurred in bringing this motion.

*Interrogatories*

6.      Plaintiff served its First Set of Interrogatories and Requests for Production on February 5, 2025. Defendant served initial responses on October 2, 2025. Those responses are deficient in that they assert improper "assumes facts not in evidence" objections, provide vague or non-responsive statements, and promise supplementation that was not provided. *See* Exhibit A, Defendant's Responses to Plaintiff's First Set of Interrogatories.

7.      On January 26, 2026, Plaintiff sent a formal demand letter identifying the need to supplement Interrogatories Nos. 2, 7, 8, 9, 10, 12, and 14 and supplement disclosures related to revenue/profit calculations, pricing, and related matters. Dkt. No. 53-3. The parties met and conferred via email and telephone. Defendant's counsel responded: "I understand and I will do that" Dkt. No. 53-4; later emails on February 5 and February 6, 2026, promised verified supplemental responses and financial data "ASAP" and "tomorrow," but none have been produced. Dkt. Nos. 53-5 & 53-6.

8.      Plaintiff further requested information so that it could verify, authenticate and examine the data disclosed in a detailed letter sent January 12, 2026. Dkt. No. 53-2. No meaningful response was made.

9.      Counsel's written correspondence indicates that the discovery is not objectionable, and yet the items sought remain undisclosed.

10.     Plaintiff has complied with Local Rule CV-7(h) and Rule 37(a)(1) meet-and-confer requirements. No agreement was reached.

## II. ARGUMENT & AUTHORITIES

11.     In a discovery dispute, "[t]he moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Mirror Worlds Techs., LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 U.S. Dist. at *3 (E.D. Tex. Mar. 16, 2016) *citing SSL Servs., LLC v. Citrix Sys., Inc.*, Case No. 2-08-cv-158, 2010 WL 547478, at *2 (E.D. Tex. Feb. 10, 2010). The burden then switches to the non-moving party to show a suitable defense to the discovery. *Id.*

*The Interrogatories and Document Requests Are Proper, Relevant, and Proportional*

12.     With liability established, the issues remaining are damages and Plaintiff's right to injunctive relief. The Court-ordered accounting is essential to determine disgorgement of Defendant's profits for 15 U.S.C. § 1117(a) and Texas unjust enrichment claims, and or to calculate actual damages. Interrogatory No. 2 seeks identification of each piece of mail containing the Orr Marks. Interrogatories Nos. 7, 8, 9, 10, 12, and 14 (and corresponding document requests) seek details concerning sales, customers, revenues, profits, pricing schedules, warranties sold, and income statements (limited to Texas, Louisiana, Arkansas, and Oklahoma). These requests are

narrowly tailored to the 250-mile radius ordered by the Court and are proportional to the needs of the case. *See* Dkt. No. 21 at 2; Dkt. No. 50.

*Defendant's Responses Are Incomplete, Evasive, and Violate the Rules*

13      Defendant's responses violate Rule 33(b)(3) and Rule 26(e). Fed. R. Civ. P. 26 (e); 33(b)(3). They consist of improper objections followed by non-responsive statements or unfulfilled promises to supplement. Courts in the Fifth Circuit routinely compel responses to interrogatories seeking factual bases of damages claims or specific misrepresentations.

14.      Defendant has produced effectively nothing in that the list it produced (persons who received an offending mailer) is incomplete, and the list it produced (sales in the geographic area) lacks price, cost, revenue or profit data. These documents are critical to the accounting and were expressly ordered by the Court.

*Defendant's Dilatory Conduct Warrants Compulsion and Expenses*

15.      Defendant's continued failure to supplement—despite repeated promises—constitutes bad faith and unnecessarily burdens Plaintiff and the Court. Plaintiff submits that the conduct in this case justifies a Rule 37(a)(5) award of the reasonable expenses and attorneys' fees incurred in bringing this motion.

16.      Defendant submits the attached affidavit of counsel in support of its request for attorneys' fees. Exhibit "A".

17.       For the foregoing reasons, Plaintiff respectfully requests that the Court:

Grant this Motion and order Defendant to serve complete, verified supplemental responses to Interrogatories Nos. 2, 7, 8, 9, 10, 12, and 14 (and all related document requests) and produce all responsive documents within fourteen (14) days of the order, without objections;

Award Plaintiff its reasonable expenses and attorneys' fees incurred in bringing this motion pursuant to Rule 37(a)(5); and

Grant such other and further relief as the Court deems just.

Respectfully submitted,

FLOYD LAW, PLLC
P. O. Box 5452
Texarkana, Texas 75505
Phone: (903) 306-0373
FAX: (870) 330-4196

By:    /s/ Cory Floyd
       Cory J. Floyd
       TX Bar No. 24049365
       Email: cory@txklawyers.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above was served upon counsel of record via electronic mail and the Court's electronic filing system on March 11, 2026.

Christopher A. Thornton
Briscoe Wulff & Williams, LLP
501 1st Capitol Dr
St. Charles MO 63301
Email: chris@cathornton.com

/s/CoryFloyd
Cory J. Floyd

---

## CERTIFICATE OF CONFERENCE

On March 10th counsel for both parties conferred in accordance with the local rules including CV-7, by teleconference.  Lead counsel for both parties participated in the conference. Counsel for both parties expressed their understanding of the status of the case. No resolution was reached and counsel for the Plaintiff indicated that he would be filing his motion to compel immediately. Counsel for the Defendant indicated that he would work diligently to resolve the issues raised in the pleading, to the extent necessary.

/s/CoryFloyd
Cory J. Floyd