**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

ORR AUTO, INC.
D/B/A ORR VOLKSWAGEN OF TEXARKANA

Plaintiff,

V. CASE NO. 5:24-CV-00029

AUTOPLEX EXTENDED SERVICES, LLC
D/B/A MOTOR VEHICLE SERVICES

Defendant.

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION THAT THIS IS AN EXCEPTIONAL CASE AND FOR AWARD OF ATTORNEYS' FEES UNDER THE LANHAM ACT**

---

## I. INTRODUCTION

Plaintiff Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana ("Orr") moves this Court to declare this case "exceptional" and award attorneys' fees under 15 U.S.C. § 1117(a) of the Lanham Act. Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services ("Autoplex") respectfully opposes this motion. Orr's motion is premature, overstated, and misstates both the legal standard and the significance of the record.

The motion asks this Court to make an exceptionality determination before the damages phase is complete, before a full evidentiary record has been built, and critically, within ten days of defense counsel's express representations that supplemental discovery responses and financial data were being assembled for production. A motion for attorneys' fees filed under those circumstances does not reflect the conduct of a party genuinely aggrieved by exceptional litigation misconduct. It reflects a litigation strategy.

The legal standard for exceptionality under Octane Fitness and Baker v. DeShong requires the Court to assess the totality of the circumstances and identify a case that "stands out" from others, not merely one involving a default, slow discovery, or a defendant that raised and then abandoned a dubious legal argument. None of those events, individually or collectively, satisfies the standard here. Autoplex respectfully requests that the Court deny the motion or, at a minimum, defer ruling until the damages phase is complete.

## II. LEGAL STANDARD

The Lanham Act provides for an award of attorneys' fees to the prevailing party "in exceptional cases." 15 U.S.C. § 1117(a). Following the Supreme Court's decision in Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545 (2014), the Fifth Circuit held that a Lanham Act case is "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Baker v. DeShong, 821 F.3d 620, 625 (5th Cir. 2016).

This is a "case-by-case" inquiry decided under the "totality of the circumstances." Octane Fitness, 572 U.S. at 554. The burden rests with the movant to establish exceptionality by a preponderance of the evidence. Id. at 557-58. The standard is discretionary; it is not a checklist of factors, and no single element is dispositive. Evidence of willful infringement may support a finding of exceptionality, but it does not compel one. Tex. Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc., 951 F.2d 684, 697 (5th Cir. 1992).

## III. ARGUMENT

### A. Orr's Motion Is Premature and Should Be Deferred Until the Damages Phase Is Complete.

The Court's November 26, 2024, Order and Entry of Judgment entered default judgment as to liability only. Dkt. No. 21. The Court expressly reserved issues of damages, costs, exceptionality, and permanent injunction for later determination. Dkt. No. 17. Discovery remains open through May 15, 2026, under the Second Amended Docket Control Order. Dkt. No. 48. Plaintiff's own expert designations are not yet complete.

Orr asks this Court to declare the case exceptional now, before the damages record exists, before expert reports have been exchanged, and before any damages determination has been made. The proper time to assess the totality of the circumstances, including the conduct of the parties throughout the entirety of the litigation, is after the damages phase is resolved. See, Octane Fitness, 572 U.S. at 554 (totality of circumstances assessed after full consideration of the case). A premature ruling denies the Court the complete picture the standard requires.

Autoplex respectfully requests that, at a minimum, the Court defer ruling on this motion until the completion of the damages phase and entry of a final judgment.

### B. The Discovery Disputes Cited by Orr Do Not Constitute Exceptional Litigation Conduct Under the Lanham Act.

The centerpiece of Orr's litigation misconduct argument is Autoplex's discovery responses: a mailing list that allegedly omitted certain letters, delayed production of financial data, and interrogatory responses that Orr characterizes as incomplete. Dkt. No. 53, ¶¶ 15-19. This does not come close to the standard.

Slow, incomplete, or frustrating discovery responses are not "exceptional" litigation conduct under § 1117(a). The Lanham Act's fee-shifting provision is not a substitute for Rule 37.

The proper remedy for discovery deficiencies is a motion to compel and, if warranted, sanctions under Rule 37(b).

A party cannot simultaneously accept defense counsel's representations that production is forthcoming and then file a fee motion before giving those representations a reasonable time to materialize. The correspondence record in Exhibits 4 through 6 shows an active, ongoing dialogue between counsel. Counsel for Autoplex acknowledged the requests, committed to production, and provided a timeline. Dkt. No. 53-4, 53-5, 53-6. That this motion followed ten days later does not reflect the conduct of a movant genuinely seeking resolution.

Courts finding exceptionality based on litigation conduct have done so in cases involving deliberate obstruction, bad-faith filings, knowing misrepresentations to the Court, or sustained campaigns of evasion after judicial orders compelling discovery. None of that is present here. Counsel has engaged, communicated, and committed to supplement. Imperfect compliance with discovery obligations, standing alone, is not exceptional.

**C. The Missouri Caution Letter Does Not Establish Willful Infringement of Orr's Marks Specifically.**

Orr relies heavily on a 2021 Letter of Caution from the Missouri Department of Commerce and Insurance as proof of willful infringement directed at Orr. Dkt. No. 53, ¶¶ 3, 13. The letter addressed general deceptive practices in Autoplex's industry; misusing dealership names generically, referencing factory warranties, and similar conduct. It did not specifically caution Autoplex about Orr's marks. The inference that this letter establishes deliberate targeting of Orr's specific marks requires several logical steps that the record does not support.

Moreover, Autoplex's inclusion of a fine-print disclaimer in its mailers stating it was "not endorsed or affiliated" with Orr is equally consistent with a belief that such a disclaimer rendered the mailer legally permissible. Dkt. No. 51 at 8. Courts have recognized that the presence of a

disclaimer, while not a complete defense, cuts against a finding of deliberate deception. It demonstrates awareness of legal boundaries, not a decision to knowingly cross them.

**D. Autoplex's Rule 60(b) Motion and Service Challenge Were Not Frivolous.**

Orr characterizes Autoplex's challenge to service via the Texas Secretary of State — which was abandoned at the hearing — as a "pleading without any basis in law or fact." Dkt. No. 53, ¶ 14. This mischaracterizes what occurred. Service under Federal Rule of Civil Procedure 4(h)(1)(B) presents genuine procedural questions that are regularly litigated. The fact that Autoplex's counsel reassessed the argument after full briefing and chose not to press it at the hearing does not mean it was baseless at the time it was raised. Reassessing and abandoning a weak argument is responsible advocacy, not litigation misconduct.

A frivolous argument is one that has no colorable basis in law or fact when filed. Service validity questions — particularly for out-of-state LLCs served through a Secretary of State — are not frivolous simply because they ultimately fail. The Magistrate Judge's Report and Recommendation, Dkt. No. 51, resolved the service question on the merits. It did not characterize the motion as frivolous, and this Court should decline to do so now.

**D. Autoplex's Eventual Appearance and Participation in Discovery Distinguishes This Case from True Default Judgment Exceptionality Cases.**

The cases Orr cites for the proposition that default alone supports exceptionality, Viahart and Real Estate Edge, involved defendants who never appeared at all and who continued infringing throughout the litigation without any engagement. This case is materially different. Autoplex appeared, retained counsel, filed a Rule 60(b) motion, briefed it, appeared at the hearing, and has been participating in discovery. Its participation has been imperfect, but it is participation, not the kind of complete abandonment of the judicial process that has justified fee awards in true default exceptionality cases.

The totality of the circumstances, including Autoplex's eventual appearance, active engagement of counsel, and ongoing (if delayed) discovery participation, does not present the kind of case that "stands out from others" as exceptional. Octane Fitness, 572 U.S. at 554. Fee-shifting is an extraordinary remedy. It should not be imposed on a partial record, before damages are determined, based on litigation conduct that has not yet been tested against the full requirements of Rule 37.

## IV. CONCLUSION

For the foregoing reasons, Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services respectfully requests that the Court deny Plaintiff's Motion for Determination That This Is an Exceptional Case, or in the alternative, defer ruling until the completion of the damages phase and entry of final judgment. Autoplex further requests any other relief to which it may be entitled.

Respectfully submitted,

BRISCOE WULFF & WILLIAMS, LLP

/s/ Christopher A. Thornton
Christopher A. Thornton
Missouri Bar No. 48076
501 S. 1st Capitol Dr STE 2
St. Charles, Missouri 63301
Ph: (636) 696-8335
Fax: (636) 203-1147
Email: chris@cathornton.com
Attorney for Defendant Autoplex Extended Services, LLC

**CERTIFICATE OF SERVICE**

I, Christopher A. Thornton, certify that a true and correct copy of the foregoing Defendant's Response in Opposition to Plaintiff's Motion for Determination That This Is an Exceptional Case was served upon counsel of record via the Court's electronic filing system on March 19, 2026, as follows:

Cory J. Floyd
Floyd Law, PLLC
P.O. Box 5452
Texarkana, Texas 75505
cory@txklawyers.com

/s/ Christopher A. Thornton