UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORR AUTO, INC. D/B/A ORR VOLKSWAGEN OF TEXARKANA | § § § | |
| Plaintiff, | § § § | |
| V. | § § | CASE NO. 5:24-CV-00029-RWS-JBB |
| AUTOPLEX EXTENDED SERVICES, LLC D/B/A MOTOR VEHICLE SERVICES | § § § | |
| Defendant. | § § § | |

ORDER GRANTING PLAINTIFF'S MOTION FOR PERMANENT INJUNCTION

Before the Court is Plaintiff Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana's ("Orr Volkswagen" or "Plaintiff") Motion for Permanent Injunction against Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services ("Autoplex" or "Defendant"). Having considered the Motion, the record, and the applicable law, the Court finds that the Motion should be and hereby is GRANTED.

## I.    FINDINGS

1.    On November 26, 2024, the Court entered default judgment against Autoplex as to liability on all counts of Plaintiff's Complaint, including unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition, passing off, trademark infringement, and unjust enrichment under Texas law, arising from Autoplex's unauthorized use of the marks "Orr Volkswagen of Texarkana," "Orr Volkswagen," and "Orr" (the "Orr Marks") in direct-mail solicitations for vehicle service contracts. Dkt. No. 21. Plaintiff has therefore achieved actual success on the merits. Independent of its actual success, Plaintiff has shown a likelihood of success on the merits.

2.    Having established a violation of 15 U.S.C. § 1125(a), Plaintiff is entitled to a

---

rebuttable presumption of irreparable harm under 15 U.S.C. § 1116(a). Autoplex has not rebutted that presumption. Independently, the Court finds that Plaintiff has suffered and, absent injunctive relief, will continue to suffer irreparable harm for which there is no adequate remedy at law, including the loss of control over its name, marks, reputation, and goodwill, and the diversion of its customers through actual and likely confusion.

3.      Autoplex's representations that it has ceased using the Orr Marks do not defeat the need for injunctive relief. Autoplex's cessation was expressly conditioned on the pendency of this litigation, the infringing mailings were prepared and sent by third-party vendors over whom Autoplex disclaims control, and Autoplex continued and expanded the conduct after receiving a regulator's written caution and after notice of this suit. Autoplex has not shown that it is absolutely clear the conduct could not reasonably be expected to recur.

4.      The balance of hardships favors Plaintiff. An injunction requires only that Autoplex refrain from conduct it was never entitled to undertake, and any hardship to Autoplex is of its own making. The public interest is served by enforcement of the Lanham Act and by protecting consumers from confusion and deception as to the source, affiliation, and sponsorship of goods and services.

5.      The scope of relief set forth below, including within Plaintiff's market area, is no broader than necessary to protect the goodwill the Court has found Autoplex infringed and to keep Autoplex a safe distance from the conduct already adjudicated unlawful.

## II. PERMANENT INJUNCTION

It is therefore ORDERED that, pursuant to 15 U.S.C. § 1116(a) and Federal Rule of Civil Procedure 65, Autoplex Extended Services, LLC d/b/a Motor Vehicle Services, together with its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, see Fed. R. Civ. P. 65(d)(2), are PERMANENTLY ENJOINED from:

(a)      using the marks "Orr Volkswagen of Texarkana," "Orr Volkswagen," or "Orr," or any other name, mark, or designation confusingly similar thereto, in connection with the advertising, marketing, promotion, solicitation, offering, or sale of vehicle service contracts, extended warranties, or any other automotive-related product or service, in any medium, including direct mail, email, telephone, print, or electronic media;

(b)      using the name of Orr Volkswagen of Texarkana, or of any other automobile dealership, in any solicitation or advertisement directed to consumers within a 250-mile radius of Plaintiff's principal place of business in Texarkana, Texas, in a manner that states or implies an affiliation, connection, endorsement, sponsorship, or approval that does not exist;

(c)      making any false or misleading representation of fact likely to cause confusion, or to cause mistake, or to deceive as to the origin, source, sponsorship, affiliation, or approval of Autoplex's goods or services in relation to Plaintiff; and

(d)      assisting, aiding, or abetting any other person or entity in engaging in or performing any of the conduct enjoined in subparagraphs (a) through (c) above.

## III. COMPLIANCE

It is further ORDERED that, within thirty (30) days after entry of this Order, Autoplex shall (i) destroy or permanently remove from use all marketing, advertising, and solicitation materials in its possession, custody, or control, including materials held by its vendors and agents, that bear the Orr Marks or any confusingly similar designation; and (ii) file with the Court and serve upon Plaintiff a written report, under oath, setting forth in detail the manner and form in which Autoplex has complied with this Order, as provided by 15 U.S.C. § 1116(a).

It is further ORDERED that Autoplex shall provide a copy of this Order to each of its officers, agents, servants, employees, attorneys, and third-party marketing and direct-mail vendors, including

Mala Group, Inc., within ten (10) days after entry of this Order.

This Court retains jurisdiction over this matter and the parties for the purpose of enforcing, construing, and, as equity may require, modifying this permanent injunction. This injunction is effective immediately upon entry and shall remain in effect permanently unless modified or dissolved by order of this Court.