UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORR AUTO, INC. | § | |
| D/B/A ORR VOLKSWAGEN OF TEXARKANA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 5:24-CV-00029 |
| | § | |
| | § | |
| AUTOPLEX EXTENDED SERVICES, LLC | § | |
| D/B/A MOTOR VEHICLE SERVICES | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S CERTIFICATION OF IMPASSE PURSUANT TO PARAGRAPH 3 OF THE PROTECTIVE ORDER (DKT. NO. 49)

Plaintiff Orr Auto, Inc. d/b/a Orr Volkswagen of Texarkana ("Plaintiff") files this Certification pursuant to Paragraph 3 of the Protective Order entered November 20, 2025 (Dkt. No. 49) (the "Protective Order"), and certifies to the Court that the parties cannot reach agreement as to the confidential nature of the Protected Documents identified below.

On May 12, 2026, Defendant Autoplex Extended Services, LLC d/b/a Motor Vehicle Services ("Defendant") produced a large volume of direct-mail solicitation materials designated "Confidential" under the Protective Order, including without limitation the documents Bates-labeled Autoplex #121419–121420, #121431–121432, and #121455–121456. There are at least 20,000 pages of other solicitation mailers in that production bearing the same designation (collectively, the "Disputed Documents"). Each of the Disputed Documents is a consumer solicitation mailed via presorted standard U.S. mail and stating on its face that "[t]his is an advertisement to obtain coverage." Paragraph 2 of the Protective Order provides that Protected Documents "shall not include (a) advertising materials, [or] (b) materials that on their face show that they have been published to the

general public."

On July 15, 2026, counsel for Plaintiff served on counsel for Defendant, by email, written notice pursuant to Paragraph 3 of the Protective Order challenging the "Confidential" designations applied to the Disputed Documents. A true and correct copy of that notice is attached as Exhibit A. The notice requested that Defendant withdraw the designations in writing no later than July 22, 2026, and invited Defendant to confer regarding any narrower confidentiality issue, including redaction of consumer personal information.

Defendant did not respond by July 22, 2026. As of the date of this Certification, Defendant has not withdrawn the designations, has not identified any basis for confidential treatment of the Disputed Documents, and has not otherwise responded to Plaintiff's written notice.

Accordingly, pursuant to Paragraph 3 of the Protective Order, Plaintiff certifies to the Court that the parties cannot reach an agreement as to the confidential nature of all of the Disputed Documents. Under Paragraph 3 of the Protective Order, Plaintiff intends to challenge Defendant's certification leaving Defendant ten (10) days from the date of this certification to file a motion for protective order with regard to the Disputed Documents. Defendant bears "the burden of establishing that the disputed Protected Documents are entitled to confidential treatment." If Defendant does not timely file such a motion, the Disputed Documents "shall no longer be subject to confidential treatment as provided in this Order." Plaintiff requests no relief by this filing and only seeks to complete the certification process and the consequences arising therefrom, in accordance with the Protective Order.

Respectfully submitted,

FLOYD LAW, PLLC
P. O. Box 5452
Texarkana, Texas 75505
Phone: (903) 306-0373
FAX: (870) 330-4196

By:     /s/ Cory Floyd
        Cory J. Floyd
        TX Bar No. 24049365
        Email: cory@txklawyers.com

<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above was served upon counsel of record via the Court's electronic filing system on July 24, 2026.

Christopher A. Thornton
Briscoe Wulff & Williams, LLP
501 1st Capitol Dr
St. Charles MO 63301
Email: chris@cathornton.com

/s/CoryFloyd
Cory J. Floyd