UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| ORR AUTO, INC.<br>D/B/A ORR VOLKSWAGEN OF TEXARKANA<br><br>Plaintiff,<br><br>V.<br><br>AUTOPLEX EXTENDED SERVICES, LLC<br>D/B/A MOTOR VEHICLE SERVICES<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 5:24-CV-00029-RWS-JBB |

JOINT FINAL PRE-TRIAL ORDER

This is the parties agreed proposed Final Pretrial Order prepared on September 28, 2026 pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure and the Court's direction to propose amendments and supplements to the Joint Final Pretrial Order. Dkt. 84.

A. COUNSEL FOR THE PARTIES:

Plaintiff(s): Cory J. Floyd
Defendant(s): Christopher Chapaneri

B. STATEMENT OF JURISDICTION

Jurisdiction over Plaintiff's claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), is based on 28 U.S.C. §§ 1331 and 1338. Jurisdiction over Plaintiff's Texas common-law claims for unfair competition and passing off, trademark infringement, and unjust enrichment is based on 28 U.S.C. § 1367, because those claims arise out of the same transactions and occurrences that give rise to the federal claim. Venue is proper under 28 U.S.C. § 1391(b)(2).

By its Order of November 26, 2024, the Court entered judgment as to liability and expressly severed and retained jurisdiction over Plaintiff's damages, costs, any finding of exceptionality, any request for injunctive relief, and attorney's fees. Dkt. No. 21.

Jurisdiction is not disputed.

For the purposes of appeal, Defendant did not expressly consent to the jurisdiction of the magistrate. However, that determination was made as a result of the default judgment. Defendants preserves the issue for appeal that a party cannot by default, consent to the jurisdiction of the magistrate without there being a violation of due process of law.

C. NATURE OF ACTION

This is a trademark infringement and unfair competition case. Plaintiff Orr Auto, Inc. operates a Volkswagen dealership at 4545 North State Line Avenue, Texarkana, Texas, and sells vehicle service contracts to its customers. Defendant Autoplex Extended Services, LLC, a Missouri limited liability company, sold competing vehicle service contracts and marketed them by direct mail. Plaintiff alleged that Defendant's direct-mail solicitations displayed the marks "Orr," "Orr Volkswagen," and "Orr Volkswagen of Texarkana" (the "Marks") in a manner that caused actual confusion and a likelihood of confusion as to source, affiliation, and sponsorship.

Defendant failed to answer or otherwise defend. The Clerk entered default on July 16, 2024 (Dkt. No. 7), and the Court entered judgment as to liability on all four counts on November 26, 2024 (Dkt. Nos. 20, 21): unfair competition under 15 U.S.C. § 1125(a); unfair competition and passing off under Texas law; trademark infringement under Texas law; and unjust enrichment under Texas law. The Court also ordered an accounting of all sales, revenues, and profits from Defendant's advertising and efforts involving or directed to persons or addresses within a 250-mile radius of 4545 North State Line Avenue, Texarkana, Texas 75503. Dkt. No. 21 at 2, ¶ 8. Defendant's subsequent motion for relief from the default judgment under Rule 60(b) was denied. See Dkt. Nos. 42, 43, 51.

Defendant reserves all defenses and objections not previously disposed of or waived regarding the default, for post-trial or appellate purposes.

The issues remaining for trial are (1) the amount of Defendant's profits subject to disgorgement under 15 U.S.C. § 1117(a) and Texas law; (2) the proper scope of permanent injunctive relief under 15 U.S.C. § 1116 and Texas law; (3) whether this is an exceptional case under 15 U.S.C. § 1117(a); (4) reasonable attorney's fees; (5) costs; and (6) prejudgment and post-judgment interest.

The Court granted Plaintiff's request to withdraw its jury demand. Dkt. No. 91. This case is accordingly appropriate for trial to the bench.

D. CONTENTIONS OF THE PARTIES

1. Plaintiff's Contentions

Liability has been adjudicated. Plaintiff contends that the sole remaining question on monetary relief is the amount of Defendant's profits to be disgorged, and that 15 U.S.C. § 1117(a) allocates the burdens on that question in a manner that is dispositive on this record.

Under § 1117(a), a plaintiff seeking an accounting of profits is required to prove the infringer's sales only; the defendant must prove all elements of cost or deduction claimed, and bears the burden of establishing any apportionment between profits attributable to the infringement and profits attributable to other factors. Plaintiff contends that it will carry its burden at step one, and that Defendant cannot carry its burden at step two because Defendant's own financial records are incomplete, internally inconsistent, and, as to the years 2019 through 2021, entirely absent.

Defendant made no Pretrial Disclosures (witness list, deposition designations, and exhibit list).

Plaintiff further contends that Defendant used the Marks on direct-mail vehicle service contract solicitations beginning on or about March 2019 and continuing through at least March 31, 2025 (approximately six years).

Plaintiff further contends that Defendant's conduct was willful and that this case is

exceptional, based on (a) the Letter of Caution issued to Defendant by the Missouri Department of Commerce and Insurance in 2021, (b) Defendant's continued use of the Marks after entry of the default judgment, and (c) Defendant's conduct during the pendency of the suit.

Plaintiff further contends that a permanent injunction should issue notwithstanding Defendant's claim of voluntary cessation, and that Defendant's position that it did not control the third-party vendor responsible for the mailings makes the risk of recurrence greater, not less.

2. Plaintiff's Itemization of Claimed Relief

Plaintiff itemizes the relief it seeks as follows. Amounts shown in brackets will be established through the exhibits and testimony identified in Exhibits A and B and through summaries prepared under Fed. R. Evid. 1006.

a. Disgorgement of Defendant's profits — 15 U.S.C. § 1117(a) and Texas law. Plaintiff offers the following measures, in descending order of preference, and asks the Court to award the measure it finds most consistent with the proof:

(i) Gross revenue from all contracts sold to persons or addresses within a 250-mile radius of 4545 North State Line Avenue, Texarkana, Texas 75503, which is the accounting scope the Court ordered at Dkt. No. 21 ¶ 8. Of the 1,639 transaction records in Autoplex #121402–#121414, approximately 637 fall within that radius, representing approximately thirty-nine percent (39%) of reported revenue. Claimed amount: $1,072,126.66.

(iii) Alternative. Gross revenue for the full infringement period, on or about March 2019 through March 29, 2025. Defendant's financial production covers only 2022 through 2025 and omits 2019 through 2021 entirely. Plaintiff contends that where the infringer's own records are incomplete, the resulting uncertainty is resolved against the infringer. Claimed amount: $31,116,581.68

plus a reasonable amount for years 2019, 2020 and 2021.

b. Deductions and apportionment — Defendant's burden. Plaintiff contends Defendant has offered no competent evidence of deductible cost or of apportionment.

c. Enhancement. If the Court finds that the amount of recovery based on profits is inadequate, Plaintiff asks the Court to enter judgment for such sum as the Court finds to be just, according to the circumstances of the case, under 15 U.S.C. § 1117(a). Claimed amount: $1,072,126.66.

d. Permanent injunction. Plaintiff seeks a permanent injunction under 15 U.S.C. § 1116 and Texas law restraining Defendant, its officers, agents, servants, employees, and all persons in active concert or participation with it, from using the Marks or any confusingly similar variation; a compliance report under 15 U.S.C. § 1116(a); and surrender for destruction of infringing materials under 15 U.S.C. § 1118. The pleading describing injunctive relief sought is filed as Dkt. No. 61

e. Exceptional case and attorney's fees. Plaintiff seeks a finding that this is an exceptional case under 15 U.S.C. § 1117(a) and an award of reasonable attorney's fees in the amount of $146,359.58. This amount is continuing to accrue and is estimated to increase by $50,000 through trial, plus conditional appellate fees.

f. Costs. Taxable costs under 15 U.S.C. § 1117(a), 28 U.S.C. § 1920, and Fed. R. Civ. P. 54(d) in the amount of $1,000 (estimated). A bill of costs will be filed in this matter pursuant to the local rules.

g. Interest. Prejudgment interest at the maximum allowable rate and post-judgment interest under 28 U.S.C. § 1961.

h. Texas law. Plaintiff's Texas-law claims support the same disgorgement remedy. Plaintiff does not seek double recovery and will elect its remedy following the Court's

findings.

3. Defendant's Contentions

With respect to the damages trial, Defendant contends that Plaintiff is still required to demonstrate sales associated with the mailer campaign and/or confusion of the Mark.

With respect to the relevant geographic radius in connection with the default violation, Defendant contends that the relevant geographic radius is not to exceed a 50 mile radius.

With respect to the exceptional case aspect, Defendant will show that, once it received notice of the lawsuit and attempted to set aside the default, it otherwise complied with the normal litigation process, produced tens of thousands of pages of documents, and produced a corporate representative for deposition after a prior deposition was cancelled by Plaintiff.

With respect to the injunction, Defendant contends that Plaintiff and Defendant are not in the same line of business in that it does not sell extended warranties with respect to new vehicles.

Solely in preserving the matters for appeals, the following issues have been determined by default and are not subject to the damages trial (3)(a)-3(c).

3.a Plaintiff claims unfair competition under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act), unfair competition and "passing off" under Texas law, and trademark infringement and unjust enrichment in violation of Texas law. However, Plaintiff has not provided sufficient evidence to establish Orr Volkswagen of Texarkana as a legally protectable mark under the Lanham Act, nor have they shown a likelihood of confusion. 15 U.S.C. § 1051. Here, Plaintiff has merely shown existence of a single service contract with Orr Volkswagen of Texarkana's name on it. However, under the United States Patent and Trademark Office website, "Orr Volkswagen" and "Orr Volkswagen of Texarkana" are not listed as trademarks. As such, Plaintiff cannot simply rely on the

existence of Volkswagen Aktiengesellschaft/Group's ("Volkswagen AG") separate federal registration to constitute "Orr Volkswagen of Texarkana" as protected.

3.b Plaintiff also alleges that Orr is a family name and the surname of Plaintiff's shareholder and general manager, which has been in conjunction with the retail automobile business in the Texarkana region since the 1960s, resulting in the acquisition of a secondary meaning of the car dealership in the Texarkana region. However, the burden of demonstrating secondary meaning "is substantial and requires a high degree of proof." *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 543 (5th Cir. 2015); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 567 (5th Cir. 2005) ("Registration is *prima facie* proof that the registered mark is distinctive. However, this presumption cannot be overcome by showing that the mark is merely descriptive. The burden then shifts to the registrant to prove its mark has secondary meaning" (citations omitted)); 15 U.S.C. § 1057(b). Here, Plaintiff has not establish a secondary meaning for Orr Volkswagen of Texarkana as they have not demonstrated "(1) length and manner of use of the mark or trade dress, (2) volume of sales, (3) amount and manner of advertising, (4) nature of use of the mark or trade dress in newspapers and magazines, (5) consumer-survey evidence, (6) direct consumer testimony, and (7) the defendant's intent in copying the trade dress [or mark]." *See Nola*, 783 F.3d 527, 544; *see also Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 248 (5th Cir. 2010).

3.c Defendant also asserts that the Default Judgment was a result of an "excusable neglect" under Federal Rules of Civil Procedure 60(b)(1), which allows for relief to be sought for final judgment, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." During the prior proceedings, Mr. Thornton, Defendant's previous counsel, experienced an extreme illness that resulted in him being admitted to the hospital, and was not due to any act of bad faith. As such, Defense counsel should not be faulted for the unforeseen events. At this time, Defense is filing a continuance, as Defendant recently received new counsel.

## E. STIPULATIONS AND UNCONTESTED FACTS

Plaintiff proposes the following as uncontested.

1. Plaintiff Orr Auto, Inc. is a Texas corporation with its principal place of business at 4410 Guss Orr Drive, Texarkana, Texas 75503, and does business as Orr Volkswagen of Texarkana.

2. Defendant Autoplex Extended Services, LLC is a Missouri limited liability company doing business as Motor Vehicle Services.

3. Plaintiff recorded an assumed name certificate for "Orr Volkswagen of Texarkana" with the Texas Secretary of State on July 10, 2013.

4. Plaintiff has sold vehicle service contracts to its customers continuously since on or about January 31, 2014.

5. The Clerk entered default against Defendant on July 16, 2024. Dkt. No. 7.

6. The Court entered judgment as to liability against Defendant on November 26, 2024 on all four counts pleaded in the Complaint. Dkt. Nos. 20, 21.

7. The Court ordered Defendant to account for all sales, revenues, and profits from advertising and efforts involving or directed to persons or addresses within a 250-mile radius of 4545 North State Line Avenue, Texarkana, Texas 75503. Dkt. No. 21 at 2, ¶ 8.

8. Trial of liability is bifurcated from trial of damages. Dkt. No. 16.

## F. CONTESTED ISSUES OF FACT AND LAW

The date on which Defendant first used the Marks in commerce.

a. The date on which Defendant last used the Marks in commerce, and whether Defendant mailed solicitations bearing the Marks after March 29, 2025.

b. The total number of solicitations bearing the Marks that Defendant caused to be mailed, and their geographic distribution.

c. Whether Autoplex #1 through #14 is a complete and accurate record of the solicitations bearing the Marks, and whether any recipient received more than one such solicitation.

d. The mail quantities and postage reflected in the records of Electronic Output Solutions, Inc.

e. The identity of the purchasers of Defendant's vehicle service contracts who received solicitations bearing the Marks.

f. Defendant's gross revenue from vehicle service contracts attributable to solicitations bearing the Marks.

g. Defendant's gross revenue from vehicle service contracts sold to persons or addresses within a 250-mile radius of Plaintiff's facility.

h. The costs, if any, actually incurred by Defendant in producing the revenue at issue.

i. Whether Defendant's financial records are complete, accurate, and reliable.

j. The relationship between Defendant and Mala Group, Inc., and the extent of Defendant's control over the content of the mailings.

k. Whether Defendant's infringement was willful, including what Defendant knew following the 2021 Letter of Caution from the Missouri Department of Commerce and Insurance.

l. The likelihood that Defendant's infringing conduct will recur.

m. The amount of reasonable and necessary attorney's fees incurred by Plaintiff.

n. Defendant submits that the 250 mile radius ordered by the Court is unreasonable and that a reasonable geographic area is 50 miles from the dealership.

2. Contested Issues of Law

a. Whether, and to what extent, a plaintiff seeking an accounting of profits under 15 U.S.C. § 1117(a) must establish a threshold causal nexus between the infringing use and the revenue claimed before the burden shifts to the defendant on cost and apportionment.

b. Whether the revenue figure at step one of the § 1117(a) analysis must be limited to contracts sold to identified recipients of solicitations bearing the Marks, where the vehicle service contract itself did not bear the Marks.

c. Whether advertising expense is deductible under § 1117(a) where the advertising is itself the infringing conduct.

d. Whether owner and member compensation is a deductible cost under § 1117(a).

e. The consequence, under Fed. R. Civ. P. 37(c)(1), of Defendant's failure to serve pretrial disclosures, and whether Defendant may offer evidence of cost, deduction, or apportionment at trial.

f. Whether the incompleteness of Defendant's financial records requires that doubts be resolved against Defendant as the infringer.

g. Whether willfulness must be proved at trial for purposes of enhancement and exceptionality, or whether it is established by the judgment on liability.

h. Whether this is an exceptional case within the meaning of 15 U.S.C. § 1117(a), and the standard governing that determination.

i. The amount of reasonable attorney's fees, if awarded.

j. The scope of a permanent injunction (geographic and substantive).

k. Whether Plaintiff is entitled to prejudgment interest, and at what rate.

l. Whether Plaintiff is required to show sales attributed to the mailers.

m. Whether sales should be limited to a 50 mile radius from the dealership.

## G. LIST OF WITNESSES

Plaintiff timely designated Joel Orr, Natalie Wellborn and Elliot Rich. After considering the issue of Defendant's witnesses and the absence of a timely witness designation, Judge Baxter ordered that Elliot Rich could testify on behalf of Autoplex, limited to the scope of any direct examination of Plaintiff and the topics on which he was designated as Autoplex's 30(b)6 designee for deposition. Dkt. 106.

## H. LIST OF EXHIBITS

See attached Exhibit A

## I. LIST OF ANY PENDING MOTIONS

Plaintiff's Renewed Motion for Determination That This is an Exceptional Case and For Award of Attorneys' Fees Under the Lanham Act, Dkt. 76. Plaintiff's Motion for Permanent Injunction. Dkt. 61. Also at issue are Defendant's responsive pleadings to these motions.

## J. PROBABLE LENGTH OF TRIAL

The probable length of trial is two (2) days.

## K. MANAGEMENT CONFERENCE LIMITATIONS

None.

## L. TRIAL MANAGEMENT PROCEDURES

None.

## M. CERTIFICATIONS

The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;
(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with;
(3) Each exhibit in the List of Exhibits herein:
(a) is in existence;
(b) is numbered; and
(c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

Attorneys for Plaintiff(s): ____/s/ Cory J. Floyd___________

Attorneys for Defendant(s): _____/s/ Christopher K. Chapaneri__